(No. 15961.—Judgment affirmed.)

THE FREEMAN COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(W. J. RICHARDSON, Defendant in Error.)

*Opinion filed June 17, 1924—Rehearing denied October 9, 1924.*

WORKMEN'S COMPENSATION—*when cause will not be remanded for further evidence.* Where the evidence produced by the claimant justifies the award, the cause will not be remanded merely to enable the employer to produce contradictory evidence which he should have produced in the first instance.

WRIT OF ERROR to the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

JOHNSON & PEFFERLE, for plaintiff in error.

A. W. KERR, and GEORGE R. STONE, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

November 24, 1920, W. J. Richardson was accidentally injured while in the employ of plaintiff in error. He was awarded $12 a week for 4-4/6 weeks of temporary total disability and $7.38 a week for 411-1/3 weeks of permanent partial incapacity for work. The circuit court of Wil-

liamson county confirmed this award and a petition was filed for a writ of error. The reply to this petition, permitted by rule 43 of this court, was not filed and the writ was awarded.

Defendant in error testified that he was twenty-eight years of age when he was injured; that he had been employed as a loader in coal mines for more than six years; that prior to his injury he was in good health, had worked steadily and was loading about twelve tons a day; that November 24, 1920, while loading a car of coal, a chunk of coal three feet by four feet fell on him, striking him in the stomach; that he was rendered unconscious; that two miners rolled the chunk off him, placed him in a car and took him out of the mine; that he was treated for his injuries until December 22, when he was discharged as fit for work; that December 27 he returned to work; that he was not able to work steadily and lost several days because of pains in his stomach; that after his injury he was able to load only five tons a day; that prior to his injury he received eighty-five cents a ton for loading, and thereafter the scale was increased to $1.04 a ton; that, without taking into consideration the increased rate, his earning capacity was reduced by reason of his injuries from $10 a day to $5 a day; that his stomach hurts him all the time he is working and his condition is not improving; that since his injury he has been under the care of physicians and is now being treated by one.

Dr. Carl Baker testified that he was sent by plaintiff in error to the home of Richardson on the day of the accident; that Richardson complained of pain in his lower chest, in his abdomen and in his right leg and foot; that his right shin had been skinned in a number of places; that this condition of his shin was more or less continuous from the knee to the ankle; that the X-ray revealed an incomplete fracture of the metacarpal bone of the little toe; that the pains due to the injury disappeared under treatment;

that the stomach trouble from which Richardson is now suffering is not due to his injuries but to hyperacidity.

Like many records in cases of this kind this one is incomplete and unsatisfactory. The parties have not produced the witnesses that were available. Two men were present when defendant in error was injured, but neither of them was produced on the hearing. Two doctors have treated defendant in error for stomach trouble since he returned to work, but the testimony of neither of them is in the record. Defendant in error testified that he was in good health before his injury and that he was able to load twelve tons of coal a day, and that by reason of his injuries his earning capacity has been reduced one-half. This evidence is uncontradicted. If it is not true, plaintiff in error had the opportunity to produce evidence disputing it. The records were undoubtedly available showing how regularly defendant in error worked and how many tons of coal a day he loaded before he was injured. Dr. Baker expresses the opinion that Richardson's condition is not due to the injury, but his opinion does not change the fact that Richardson was in good health before he was injured and has suffered continually since he was injured. For three and one-half years this case has been dragging through the several tribunals provided by statute, and the delay occasioned by remandment to the Industrial Commission to give plaintiff in error an opportunity to produce the evidence it could have produced in the first instance would be a denial of justice. The evidence produced by defendant in error justifies the award made, and it will be confirmed.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*